TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Nick and Elizabeth Spanovich*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nick and Elizabeth Spanovich, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; Equifax Information Services, LLC, a Georgia company; Trans Union, LLC, a Delaware limited liability company; and BMO Harris Bank, N.A. a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFFS, NICK AND ELIZABETH SPANOVICH, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for their Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in Sun City, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   c. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; and

    d. BMO Harris Bank, N.A. ("BMO Harris Bank"), which is a national banking association that maintains registered offices in Chicago, IL.

## GENERAL ALLEGATIONS

6. Harris Bank is reporting its trade line with account number 354165…. ("Errant Trade Line No. 1) on Mr. Spanovich's Experian credit file with an incorrect past due balance of $26,104.00, foreclosure remarks under the payment history in October 2012, December 2015, and January 2016, and late payments between the years of 2014-2015. Harris Bank is reporting Errant Trade Line No. 1 on Mrs. Spanovich's Experian credit file with an incorrect past due balance of $27,687.00, a foreclosure remark under the payment history in October 2015 and January 2016, an incorrect balance of $95,201.00, and late payments between the years of 2014-2015.

7. Further, Harris Bank is reporting Errant Trade Line No. 1 with an incorrect past due balance of $27, 687.00, a balance of $95,201.00, an incorrect status of "120 Days Past Due" and late payments between the years of 2013-2015 on Mr. Spanovich's Equifax credit file, and an incorrect status of "Account 120 Days Past Due" on Mrs. Spanovich's Equifax credit file.

8. Finally, Harris Bank is reporting Errant Trade Line No. 1 with an incorrect status of "Account 120 Days Past due" on both Mr. and Mrs. Spanovich's Trans Union credit files.

3

9. All of the above information is false on Errant Trade Line No. 1. Errant Trade Line No. 1 is related to Mr. and Mrs. Spanovich's first mortgage. The house, which is the subject of Errant Trade Line No. 1, was foreclosed on in Arizona via a non-judicial foreclosure in 2012. Per the Arizona Anti-Deficiency Laws, no deficiency balance is owed.

10. BMO Harris Bank is also reporting its trade line with account number 426192804….("Errant Trade Line No. 2") on Mr. and Mrs. Spanovich's Experian, Equifax, and Trans Union credit files, and it is regarding the same mortgage that Errant Trade Line No. 1 is reporting. Errant Trade Line No. 2 is inaccurate as it is reporting the same account as Errant Trade Line No. 1; therefore, it is a double reporting issue. Both Errant Trade Lines relate to Mr. and Mrs. Spanovich's first mortgage. Both have the same opened date of May 2007. Both have a credit limit amount of $249,600.00.

11. On or about October 2, 2015, Mr. and Mrs. Spanovich received an email from Equifax, notifying them that a suit or judgment was reported by BMO Harris Bank.

12. On or about November 11, 2015, Mr. and Mrs. Spanovich obtained their three credit files and noticed both Errant Trade Lines.

13. On or about January 6, 2016, Mr. and Mrs. Spanovich, submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing both Errant Trade Lines.

14. Upon information and belief, the CRAs transmitted Mr. and Mrs. Spanovich's consumer dispute to Harris Bank.

15. On or about January 18, 2016, Mr. Spanovich received a letter from Experian, which stated that it was contacting the furnisher and when it completed the processing of his dispute, it would forward him the results.

16. On or about January 29, 2016, Mr. Spanovich received Experian's investigation results, which showed the following:

    a. Regarding Errant Trade Line No. 1, it showed that Harris Bank reported a balance of $94,788.00, a past due balance of $24,104.00, and an "F" under the payment history in October 2012, December 201,5 and then again in January 2016. It also showed late payments between the months of 2014 through 2015.

    b. Regarding Errant Trade Line No. 2, it was not deleted. It reported the status of "transferred, closed."

17. On or about February 2, 2016, Mr. Spanovich received Trans Union's investigation results, which showed the following:

    a. Regarding Errant Trade Line No. 1, Harris Bank retained the incorrect status of "Account 120 Days Past Due." The date updated is 11/02/2012.

    b. Regarding Errant Trade Line No. 2, BMO Harris Bank retained the incorrect status of "Account 120 Days Past Due," and it did not delete this trade line. The date updated is 10/09/2012.

18. On or about February 3, 2016, Mr. Spanovich received Equifax's investigation results, which showed the following:

    a. Regarding Errant Trade Line No. 1, it showed that Harris Bank reported a balance of $95,201.00, a past due amount of $27,687.00, and an incorrect status of "Collection Account." It also showed late payments between the months of 2013 and 2015.

    b. Regarding Errant Trade Line No. 2, BMO Harris Bank retained the incorrect status of "Account 120 Days Past Due," and it did not delete this trade line.

19. On or about February 3, 2016, Mrs. Spanovich submitted another letter to the CRAs, disputing both Errant Trade Lines.

20. Upon information and belief, the CRAs transmitted Mrs. Spanovich's second consumer disputes to Harris Bank.

21. On or about February 11, 2016, Mrs. Spanovich received correspondence from Experian, stating that it was unable to honor her request or a portion of it based on the limited amount of information regarding the dispute. Experian asked her

to provide it with specific information as to why the Errant Trade Lines were being disputed.

22. On or about February 16, 2016, Mrs. Spanovich received correspondence from Experian, stating that it reviewed the documentation she provided with her dispute, but had determined that it is not able to use it to make the changes or deletions she requested.  Experian stated that it would contact the furnisher of the information or the vendor who collected the information from a public record source.  When Experian completed the processing of her dispute, it would send her the results.

23. On or about February 25, 2016, Mrs. Spanovich received Experian's investigation results, which showed the following:

   a. Regarding Errant Trade Line No. 1, Harris Bank reported a balance of $95,201.00, a past due balance of $27,687.00, and an "F" under the payment history in October 2012 and in January 2016.  It also showed late payments between the months of 2014 through 2015.

   b. Regarding Errant Trade Line No. 2, it was not deleted.  It reported the status of "transferred, closed."

24. On or about March 1, 2016, Mrs. Spanovich submitted a letter to Experian, responding to its letter dated February 11, 2016.  She attached a copy of her dispute letter originally sent to Experian dated February 3, 2016, a copy of the

letter from Tiffany & Bosco dated July 26, 2012, a copy of her Driver's License, and a copy of a utility bill showing her current address. She asked Experian to respond to her dispute letter originally sent on February 3, 2016.

25. On or about March 1, 2016, Mrs. Spanovich received Equifax's investigation results, which showed the following:

   a. Regarding Errant Trade Line No. 1, Harris Bank retained the incorrect status of "Over 120 Days Past Due."

   b. Regarding Errant Trade Line No. 2, BMO Harris Bank retained the incorrect status of "Over 120 Days Past Due," and it did not delete the trade line.

26. On or about March 3, 2016, Mrs. Spanovich received Trans Union's investigation results, which showed the following:

   a. Regarding Errant Trade Line No. 1, Harris Bank retained the incorrect status of "Over 120 Days Past Due".

   b. Regarding Errant Trade Line No. 2, BMO Harris Bank retained the incorrect status of "Over 120 Days Past Due," and it did not delete the trade line.

27. On or about March 15, 2016, Mrs. Spanovich received correspondence from Experian, which stated, "We are responding to your request to verify item(s) on your personal credit report. We have previously processed this dispute and the credit grantor has verified its accuracy. Please refer to the personal credit report

you received for the name, address and phone number (if available) of the credit grantor who verified this information. Pursuant to Section 611(a)(3)(A) of the Fair Credit Reporting Act, we will not reinvestigate the same dispute again at this time."

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMO HARRIS BANK

28. Plaintiffs reallege the above paragraphs as if recited verbatim.

29. After being informed by the CRAs of Mr. and Mrs. Spanovich's consumer dispute of the incorrect balance, past due amount, late payments, and incorrect status of the Errant Trade Lines, BMO Harris Bank negligently failed to conduct a proper investigation of Mr. and Mrs. Spanovich's dispute as required by 15 USC 1681s-2(b).

30. BMO Harris Bank negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to: remove the balance, remove the multiple foreclosure codes, remove the past due amount, remove the late payments and correct the status of the Errant Trade Lines. Further, it failed to direct the CRAs to remove Errant Trade Line No. 2.

9

31. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. and Mrs. Spanovich's consumer credit files with the CRAs to which it is reporting such trade lines.

32. As a direct and proximate cause of BMO Harris Bank's negligent failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered damages, mental anguish, suffering, humiliation and embarrassment.

33. BMO Harris Bank is liable to Mr. and Mrs. Spanovich by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Mr. and Mrs. Spanovich have a private right of action to assert claims against BMO Harris Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against the Defendant BMO Harris Bank for damages, costs, interest and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMO HARRIS BANK**

35. Plaintiffs reallege the above paragraphs as if recited verbatim.

36. After being informed by the CRAs that Mr. and Mrs. Spanovich disputed the accuracy of the information it was providing, BMO Harris Bank willfully failed to conduct a proper reinvestigation of Mr. and Mrs. Spanovich's dispute.

37. BMO Harris Bank willfully failed to review all relevant information available to it and provided by the CRAs as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of BMO Harris Bank's willful failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered damages, mental anguish, suffering, humiliation, and embarrassment.

39. BMO Harris Bank is liable to Mr. and Mrs. Spanovich for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and they may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against the Defendant BMO Harris Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

40. Plaintiffs reallege the above paragraphs as if recited verbatim.

41. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. and Mrs. Spanovich as that term is defined in 15 USC 1681a.

42. Such reports contained information about Mr. and Mrs. Spanovich that were false, misleading, and inaccurate.

43. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. and Mrs. Spanovich, in violation of 15 USC 1681e(b).

44. After receiving Mr. and Mrs. Spanovich's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Experian is liable to Mr. and Mrs. Spanovich by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

47. Plaintiffs reallege the above paragraphs as if recited verbatim.

48. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. and Mrs. Spanovich as that term is defined in 15 USC 1681a.

49. Such reports contained information about Mr. and Mrs. Spanovich that was false, misleading, and inaccurate.

50. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. and Mrs. Spanovich, in violation of 15 USC 1681e(b).

51. After receiving Mr. and Mrs. Spanovich's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Experian is liable to Mr. and Mrs. Spanovich by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

54. Plaintiffs reallege the above paragraphs as if recited verbatim.

55. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. and Mrs. Spanovich as that term is defined in 15 USC 1681a.

56. Such reports contained information about Mr. and Mrs. Spanovich that was false, misleading, and inaccurate.

57. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. and Mrs. Spanovich, in violation of 15 USC 1681e(b).

58. After receiving Mr. and Mrs. Spanovich's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Equifax is liable to Mr. and Mrs. Spanovich by reason of its violation of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

# COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

61. Plaintiffs reallege the above paragraphs as if recited verbatim.

62. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. and Mrs. Spanovich as that term is defined in 15 USC 1681a.

63. Such reports contained information about Mr. and Mrs. Spanovich that was false, misleading, and inaccurate.

64. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. and Mrs. Spanovich, in violation of 15 USC 1681e(b).

65. After receiving Mr. and Mrs. Spanovich's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Equifax is liable to Mr. and Mrs. Spanovich by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

68. Plaintiffs reallege the above paragraphs as if recited verbatim.

69. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. and Mrs. Spanovich as that term is defined in 15 USC 1681a.

70. Such reports contained information about Mr. and Mrs. Spanovich that were false, misleading, and inaccurate.

71. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. and Mrs. Spanovich, in violation of 15 USC 1681e(b).

72. After receiving Mr. and Mrs. Spanovich's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

74. Trans Union is liable to Mr. and Mrs. Spanovich by reason of its violation of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

75. Plaintiffs reallege the above paragraphs as if recited verbatim.

76. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. and Mrs. Spanovich as that term is defined in 15 USC 1681a.

77. Such reports contained information about Mr. and Mrs. Spanovich that was false, misleading, and inaccurate.

78. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. and Mrs. Spanovich, in violation of 15 USC 1681e(b).

79. After receiving Mr. and Mrs. Spanovich's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. and Mrs. Spanovich have suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Trans Union is liable to Mr. and Mrs. Spanovich by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with their reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED: April 15, 2016

By: /s/ *Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiffs,
Nick and Elizabeth Spanovich